**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4880**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL DOUGLAS BAKER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-03-12)

———————

Submitted:  July 2, 2004        Decided:  September 15, 2004

———————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Michael A. Kolb, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a written plea agreement, Paul Douglas Baker pled guilty to a single count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), and was sentenced to a 292-month term of imprisonment. Counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning whether the district court erred in sentencing Baker to 292 months of imprisonment. Counsel concedes, however, that there are no meritorious issues for appeal. Baker filed a pro se supplemental brief raising issues covered by counsel's <u>Anders</u> brief.

Excepting claims of ineffective assistance of counsel and prosecutorial misconduct, Baker waived his right to appeal the judgment in his plea agreement and at the Fed. R. Crim. P. 11 hearing. A defendant may waive his right to appeal his conviction and sentence as part of a plea agreement. <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). However, the waiver must be knowing and voluntary. <u>United States v. Brown</u>, 232 F.3d 399, 403 (4th Cir. 2000); <u>United States v. Wessells</u>, 936 F.2d 165, 168 (4th Cir. 1991). Such waivers of appeal rights will be enforced except where the defendant: (1) challenges his sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); (2) appeals

from the denial of a motion to withdraw his plea because of ineffective assistance of counsel, United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); or (3) asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

Whether a waiver of the right to appeal is knowing and intelligent depends on the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, Wessells, 936 F.2d at 167-68, unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186. We review de novo the validity of a waiver. Marin, 961 F.2d at 496.

Baker's waiver of appeal is valid. The record is absent any evidence pointing to a misunderstanding regarding the waiver of appellate rights or the validity of Baker's plea. Therefore, the sentencing issues addressed in the Anders brief are dismissed.

Baker's counsel raises the issue of ineffective assistance of counsel as an Anders issue. An allegation of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We find that,

because it is not clear that counsel was ineffective, and in fact the evidence in the record reveals quite competent representation, this claim should be dismissed based on an inadequate record. Baker is free to assert this claim in a 28 U.S.C. § 2255 (2000) motion.

Baker's counsel also contends that the Government's failure to move for a downward departure for substantial assistance constitutes prosecutorial misconduct. The Government was not obligated under its plea agreement with Baker to so move, see United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no indication that it refused to make the motion based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Therefore, this claim fails.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we dismiss the issues covered by the waiver of appeal and affirm the remaining issues. Counsel has filed a motion to withdraw from representation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny the motion to withdraw. If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must

state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>